UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDHIR SINGH (A 241-712-685),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-0196 DC AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

BACKGROUND

The pro se petition was filed on January 12, 2026.  ECF No. 1.  After the undersigned issued a briefing order, petitioner filed a pro se request for immediate release due to his deteriorating health, respondents answered, the court granted petitioner's counsel an application to proceed hac vice, and petitioner filed a traverse.  ECF Nos. 5-7, 14, 15.  Once the petition was fully briefed, the undersigned issued a minute order directing petitioner's counsel to file an amended petition.  ECF No. 17.

After petitioner did so, ECF No. 18, the undersigned issued another minute order noting that this court had previously addressed due process claims like petitioner's in several cases.

1

Respondents were directed to file a response to the amended petition, no later than March 12, 2026, which substantively addressed whether any factual or legal issues in this case materially distinguish it from the court's prior orders in Orellana Gonzalez v. Cerna, No. 1:26-cv-1344 DC JDP (HC), 2026 WL 604193 (E.D. Cal. Mar. 4, 2026); Singh v. Noem, No. 1:26-cv-1150 DC JDP (HC), 2026 WL 585512 (E.D. Cal. Mar. 2, 2026); Pineda v. Chestnut, No. 1:25-cv-1970 DC JDP (HC), 2026 WL 25510 (E.D. Cal. Jan. 5, 2026); D.L.C. v. Wofford, No. 1:25-cv-1996 DC JDP (HC), 2026 WL 25511 (E.D. Cal. Jan. 5, 2026). ECF No. 19.  Petitioner was given until March 13, 2026, to file a reply.  Id.

Respondent filed the required response, stating: "This case is not materially distinguishable from the cases cited in the Court's order" and that "[r]espondents otherwise submit on their previous filings."  Id. at 1.  Respondents' previous filing—the answer—asserts petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)" and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress."  ECF No. 20 at 1-2.

DISCUSSION

The undisputed record in this case demonstrates that petitioner, a citizen and national of India, entered the United States on or about September 27, 2022, was released from immigration custody on September 28, 2022, premised upon either an explicit or implicit finding that he was not dangerous or a flight risk.  ECF No. 18 (First Amended Petition) ¶¶ 20-22; ECF No. 7-2 (Form I-213, September 27, 2022) at 2.  While released, petitioner complied with all the immigration requirements from him and did not commit any crimes.  ECF No. 18 ¶¶ 23, 26; ECF No. 7-3 (Form I-213, November 22, 2025) at 3.  On November 22, 2025, petitioner was re-detained by ICE, without any intervening event that would warrant re-detention.  ECF No. 18 ¶ 24; ECF Nos. 7-2, 7-3.

Considering all of these factors, and consistent with the court's ruling in Orellana Gonzalez v. Cerna, 2026 WL 604193, Singh v. Noem, 2026 WL 585512, Pineda v. Chestnut, 2026 WL 25510, and D.L.C. v. Wofford, 2026 WL 25511, the undersigned finds that petitioner's Fifth Amendment right to procedural due process was violated by his re-detention.  Moreover, the

2

undersigned declines to resolve the statutory basis for petitioner's current detention, as the due process analysis would be the same whether petitioner was detained under 8 U.S.C. § 1225(b) or § 1226(a) at the time of his release.  See D. L.C., 2026 WL 25511, at *4; Pineda v. Chestnut, 2026 WL 25510, at *4; see also Orellana Gonzales v. Cerna, 2026 WL 604193, at *1 ("[T]he Due Process Clause requires, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered."); Singh v. Noem, 2026 WL 585512 (same).

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that respondents' motion for an extension of time (ECF No. 6) is granted.

IT IS HEREBY RECOMMENDED that:

1.      Petitioner's first amended petition for a writ of habeas corpus (ECF No. 18) be granted on Count 2 (Violation of the Due Process Clause of the Fifth Amendment).

2.      Respondent be ordered to release petitioner from custody immediately under the terms of supervision in place at the time of his detention.

3.      Respondent be ordered to file a notice of compliance within three (3) days of any order adopting these findings and recommendations.

4.       If the government seeks to re-detain petitioner, it be ordered to provide no less than seven (7) days' notice to petitioner and hold a pre-deprivation bond hearing before a neutral arbiter, at which petitioner's eligibility for bond must be considered.

5.      Respondent be ordered to return all of petitioner's documents and possessions if petitioner is granted release on bond.

6.      Petitioner's request for immediate release (ECF No. 5) be DENIED as MOOT.

7.      Judgement be entered in favor of the petitioner and the Clerk of the Court close this case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 19, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE