UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDHIR SINGH (A 241-712-685),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-00196-DC-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 5, 18, 21) |

Petitioner, an immigration detainee, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 20, 2026, the magistrate judge filed findings and recommendations which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 21. Respondent filed objections to the findings and recommendations. ECF No. 22. In their objections, Respondents merely state that they object "on the basis that Petitioner's detention is lawful for the reasons stated in Respondent's latest opposition." *Id.* However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government

1

to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).  Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations issued on March 20, 2026 (ECF No. 21) are ADOPTED;

2.  Petitioner's first amended petition for writ of habeas corpus (ECF No. 18) is GRANTED on Count 2 (Violation of the Due Process Clause of the Fifth Amendment);

3.  Respondents are ORDERED to:

    a.  RELEASE petitioner from custody IMMEDIATELY under the terms of supervision in place at the time of his detention;

    b.  RETURN all of Petitioner's documents and possessions upon release;

4.  Respondents are PERMANENTLY ENJOINED and RESTRAINED from re-detaining Petitioner unless they provide no less than seven (7) days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter, at which petitioner's eligibility for bond must

be considered.  This order does not address the circumstances in which Respondents may detain petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

5.   Petitioner's request for immediate release (ECF No. 5) is DENIED as MOOT; and

6.   The Clerk of the Court is directed to enter judgment in favor of Petitioner and CLOSE this case.

IT IS SO ORDERED.

Dated:   **March 31, 2026**

_____
Dena Coggins
United States District Judge

3